# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

KENDRICK MINTON,

        Petitioner,

v.                                          CIVIL ACTION NO. 5:17-cv-04294

WARDEN D. L. YOUNG, *FCI Beckley*,

        Respondent.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Petitioner's November 8, 2017 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), wherein the Petitioner asserts that the Bureau of Prisons improperly revoked good time credit as a result of disciplinary proceedings conducted in violation of his due process rights.

By *Standing Order* (Document 3) entered on November 13, 2017, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On May 15, 2019, the Magistrate Judge submitted a *Proposed Findings and Recommendations* (PF&R) (Document 25), wherein it is recommended that the Court deny the Petitioner's petition for a writ of habeas corpus, deny the Petitioner's motion for demand for judgment relief, and grant the Respondent's motion to dismiss and remove this matter from the Court's docket. The *Petitioner's Response to Proposed Findings and Recommendation* (Document 28) was filed on June 17, 2019. For the reasons stated herein, the Court finds that the Petitioner's objections should be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

The Petitioner asserts that he lost good time credit and other privileges as a result of an incident report accusing him of using narcotics in violation of Bureau of Prison (BOP) regulations. He contends that he was transported to the hospital after experiencing seizures on January 26, 2016. He asserts that laboratory results ultimately established that his urine sample was free from drugs. The Petitioner asserts that the BOP failed to provide him with a copy of the "confirmatory" laboratory report mandated by the BOP's program statement and the law in cases of alleged drug use by inmates. Despite failing to provide such documentation, he alleges that the Discipline Hearing Officer found him guilty of the incident and severely sanctioned him.

The Petitioner challenged the incident report through the administrative remedy process. The Respondent agrees that Minton has appealed the disciplinary action in accordance with the BOP administrative appellate procedures and has successfully exhausted his claim. On April 3, 2019, the Respondent submitted a motion to stay and motion to dismiss the petition, noting that the Petitioner's claim was remanded for a disciplinary re-hearing at the institution. The Magistrate Judge's PF&R found that the Petitioner's § 2241 petition was rendered moot due to the remand at the institutional level. On June 17, 2019, the Petitioner filed objections to the Magistrate Judge's PF&R.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The PF&R outlines the BOP's administrative remedy process and the case law requiring exhaustion of administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241. The PF&R notes that the Petitioner challenged the Discipline Hearing Officer's decision regarding the incident report, the Petitioner appealed administratively, and the Respondent reported that the case was remanded for a rehearing regarding the incident report, which had yet to occur. The Magistrate Judge concluded that because the BOP granted a rehearing of the challenged incident report, the Petitioner's Section 2241 Petition was rendered moot. Therefore, she recommends that the Petitioner's §2241 Petition be dismissed as moot.

The Petitioner objects, arguing that at the rehearing the Discipline Hearing Officer did not consider all of the evidence and refused to modify or dismiss the earlier action. The Petitioner asserts that the he has proven factual innocence. The Court notes that the basis for the Petitioner's

3

objections appear to be disagreement with the results of the rehearing, rather than disagreement with the procedures that were afforded during the rehearing.

"Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Within the administrative remedy process, complaints about an initial hearing are rendered moot by a rehearing. *Rojas v. Driver*, No. CIV. A. 5:06CV88, 2007 WL 2789471, at *3 (N.D.W. Va. Sept. 24, 2007), *aff'd,* 267 F. App'x 302 (4th Cir. 2008). The remedy for a hearing that denied an inmate procedural safeguards is a hearing that complies with all due process requirements.

Here, the Petitioner succeeded in obtaining a rehearing regarding the challenged incident report. The decision to remand for a rehearing sent the issue back to the institution to conduct a hearing in compliance with the applicable procedural safeguards, as is contemplated by the rules requiring exhaustion of administrative remedies. That decision renders moot this challenge to the initial hearing and the sanctions imposed in that hearing. Accordingly, the Petitioner's objections should be overruled.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Petitioner's Response to Proposed Findings and Recommendations* (Document 28) be **OVERRULED** and the Magistrate Judge's *Proposed Findings and Recommendations* (Document 25) be **ADOPTED**. The Court further **ORDERS** that the *Motion for Demand for Judgment Relief to Be Granted* (Document 19) be **DENIED**, that the motion to dismiss contained in the Respondent's *Motion to Stay the March 21, 2019 Order and Motion to Dismiss this Action As*

*Moot* (Document 21) be **GRANTED**, that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) be **DISMISSED,** and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, to counsel of record and to any unrepresented party.

ENTER: October 15, 2019

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA